## No. 8903.

### JACK HARDY vs. JAMES H. LEMONS.

An intervenor in whose possession, other than as *owner, pledgee or consignee,* property has been judicially sequestered, has not the right in law to release said property on a forthcoming bond.

Under our law that right is restricted to the parties to the suit, and to an intervenor who shows a *prima facie* case of a *bona fide* title as owner, pledgee or consignee.

APPEAL from the Civil District Court for the Parish of Orleans.  *Rightor*, J.

*Geo. L. Bright* and *Bayne & Denégre*, for the Intervenor, Appellant.

The opinion of the Court was delivered by

POCHÉ, J.   The facts of this case are as follows:

J. H. Lemons, John O. Triskett and W. W. Mullen, were the owners of a very valuable race mare named "Lucy Johnson."  Some time in

December, 1882, while Lemons had possession of the mare, at San Antonio, Texas, he entered into a contract with S. W. Street, by which the mare was placed in the possession of the latter, with the exclusive use of her running and racing qualities, on condition of his properly handling and training said mare, and of accounting for one-half of the net profits of her earnings. The contract was for ten months. Having acquired possession and control of the mare, as lessee, under said contract, Street brought her to this city, where he entered her in the races of last spring. Subsequently, the plaintiff in this case acquired the interest of Triskett and Mullen in the mare, and he brought this suit for a partition by sale of the animal, which was sequestered for the purpose of effecting the sale.

S. W. Street then intervened, alleging his possession of the mare at the time she was sequestered, and moved for leave to release the mare on bond.

He has taken this appeal from a decree of the lower court denying him the right to bond the mare.

The question presented involves the right of an intervenor to bond property sequestered from his possession, under the title of lessee.

Article 279 of the Code of Practice, as it stood originally, restricted the right to bond sequestered property to the defendant in the suit.

The act of the Legislature of the fifth of March, 1842, extended the right to plaintiff in cases where the defendant had failed to bond the property within ten days after the seizure by the sheriff.

The article was further amended by Act 51, of 1876, the first section of which reads as follows:

"That in all suits in which property, real or personal, is attached, sequestered, or provisionally seized in the actual or constructive possession of one not a party to the suit in which said process issued, said third party may, on intervening in the suit, and on *prima facie* showing to the court that he is the *bona fide* owner, pledgee or consignee of said property, have the same restored to him, until the final determination of the suit, on executing a forthcoming bond in the same manner and amount, within the same delay, and with the same effect as a defendant in the suit now allowed."

It will be seen that under the provisions of that amendment, the right to bond has been extended to an intervenor; provided, his possession of the property sequestered be that of an *owner, pledgee* or *consignee*. And under the pleadings in this case it is apparent that the intervenor is not included in either of the qualities contemplated in the amendment. But his counsel contend that the intervenor who has

possession under a lawful title of property sequestered from his possession, must be assimilated to a defendant for all practical purposes under the right here invoked, and that the right could be exercised independently of the amendment of 1876.

In support of that reasoning he relies on the decision of the case of Catalogne vs. Bauvier, 4 A. 467, in which the intervenor holding as the owner of the property sequestered, was allowed to bond it, even though the delay for the defendant to bond had expired.

We cannot adopt the views announced in that case. The progress of the legislation amendatory of the Article 279 of the Code of Practice, is in itself a complete refutation of the reasoning of that opinion.

If the law-maker had intended by the amendment of 1842 to include intervenors in the extension of the privilege which had heretofore been vested in the defendant alone, he would have provided for it, in express words. But that he did not thus intend at that time, is made manifest by the act of 1876, which was adopted for that express purpose.

The Legislature cannot be supposed to create a right or remedy which already exists.

The question came up in the two cases of Clapp & Co. vs. Phelps & Co., 19 A. 461, and of Dupérier vs. Flanders, 20 A. 29, decided before the legislation of 1876. In both cases the court correctly held that under the law, as it then existed, the right to bond sequestered property could not be extended to the intervenor. We must adhere to the ruling held in these two cases.

Now, in this case the intervenor does not hold as *owner*, *pledgee* or *consignee*, but as a lessee; hence the right which he claims is not sanctioned or warranted by law, and was correctly denied him by the lower court.

Judgment affirmed.